UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ALLEN JONES,

        Petitioner,

-v-

EARL BELL, Superintendent,
Clinton Correctional Facility,

        Respondent.
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/3/2022

20-CV-1951 (CM) (RWL)

NOTICE OF MOTION FOR
RECONSIDERATION

      PLEASE TAKE NOTICE, that upon the annexed affirmation of DAVID KLEM, the annexed memorandum of law, and the prior proceedings herein, the undersigned will move this Court, at the U.S. Courthouse, 500 Pearl Street, New York, New York 10007, as soon as counsel can be heard, for an order, pursuant to Fed. R. Civ. P. 59(e) an 60(b)(6), and Local Civil Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, granting reconsideration of petitioner's habeas corpus petition and, on reconsideration, either granting a Certificate of Appealability on petitioner's <u>Brady</u> and/or Confrontation Clause claims or striking the final sentence of this Court's January 26, 2022, memo endorsement denying the petition, and for such other relief as the Court deems just and appropriate.

Dated: New York, New York
       February 3, 2022

**MEMO ENDORSED**

Respectfully submitted,

DAVID KLEM (DK-5665), Of Counsel
ROBERT S. DEAN (RD-0772)
Counsel for Petitioner
Center for Appellate Litigation

(212) 577-2523 (ext. 527)
dklem@cfal.org

---

2/3/2022

The motion for reconsideration is DENIED. If I thought that the petitioner had come close to making a "substantial showing" that his constitutional rights were violated I would have issued a COA. I did not believe that he had and nothing new is introduced. The observation that the Magistrate Judge makes in recommendation that a COA not issue is beside the point — in 23 years on this job I cannot recall a single instance in which a Magistrate Judge made a recommendation one way or the other on this issue. The Brady claim is, in my opinion and for the reasons articulated by Judge Lehrburger, insubstantial. The

*that do not implicate truthfulness*

*concerning the cooperation agreement* (see RTK, fn. 31)

Confrontation Clause argument addressed to restrictions on cross examination might present a closer question but for the stipulation between the People and defense Counsel, which placed before the jury the evidence that cross examination would have revealed. And while I was content to rest on MJ Lehrburger's reasoning, in my opinion counsel's acceptance of the stipulation — even under protest — operated as a waiver of the defendant's confrontation rights concerning Jones' possible motive to lie. The matters not encompassed by the stipulation — prior bad acts — were collateral and, as the learned judge observed, had never been the subject of any criminal charges that could have been bargained away in exchange for Jones' testimony.

I will strike the final sentence from my minute order adopting the report as my opinion so that the appeal can be filed and a COA sought in forma pauperis.

[signature]
USDJ